# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 5, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| REBECCA RAY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-321V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On March 23, 2020, Rebecca Ray ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program,"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that as a result of an influenza ("flu") vaccination on October

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

9, 2018, she developed chronic inflammatory demyelinating polyneuropathy ("CIDP").[3]  Second Amended Petition at Preamble (ECF No. 31).

On March 10, 2025, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on her case.  Petitioner's Counsel's Application for Interim Attorneys Fees and Costs ("Pet. App."), dated Mar. 10, 2025 (ECF No. 109).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $155,986.00
**Attorneys' Costs** – $52,972.79[4]

Petitioner thus requests a total of $208,958.79.

Respondent filed his response on March 24, 2025, stating that he "defers to the Special Master as to whether [P]etitioner has established a reasonable basis for this claim." Respondent's Response to Pet. App. ("Resp. Response"), dated Mar. 24, 2025, at 2 (ECF No. 110).  "Respondent [further] defers to the Special Master as to whether [P]etitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case."  Id. at 3.  Respondent also noted specific objections to billing records by counsel and Dr. Omid Akbari.  Id. at 5-8.

Petitioner filed a reply on March 30, 2025.  Pet. Reply to Resp. Response ("Pet. Reply"), filed Mar. 30, 2025 (ECF No. 111).  Petitioner addresses each of Respondent's objections and arguments and reiterated her request for interim attorneys' fees and costs.  Id. at 1-8.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$189,090.04** in attorneys' fees and costs.

I.  **DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly

---

[3] Petitioner filed a second amended petition including the injury of CIDP following the Chief Special Master's fact finding, which dismissed Petitioner's Table claim of GBS post-flu vaccination due to a 74 day onset and finding Petitioner was unlikely to establish an off-Table case for GBS given the onset finding.  See Order dated Apr. 13, 2021 (ECF No. 28).

[4] Due to a miscalculation in costs, Petitioner's costs totaled $52,972.79, not $52,472.79.  See infra note 7.

appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and Respondent does not appear to have any objections.

Regarding reasonable basis, "Respondent defers to the Special Master as to whether [P]etitioner has established a reasonable basis for this claim" but cites a case in which fees were denied when the onset of GBS was found to be 15 weeks post-vaccination. Resp. Response at 2. Here, onset is between 10 to 11 weeks post-vaccination, which is closer, albeit longer, than the two-month or eight week interval Respondent notes Special Masters have not gone beyond in determining entitlement. See id.; Findings of Fact and Conclusions of Law Dismissing Table Case dated Jan. 13, 2021, at 6 (ECF No. 22). However, entitlement is determined using a standard of preponderance, which is higher than the standard of reasonable basis, which is applicable here. Entitlement has not yet been determined in this case. The undersigned previously explained that Petitioner had "enough support [in the record] to explore whether a prolonged onset can occur in CIDP" and permitted Petitioner to obtain an expert report focusing on this issue. Order dated May 27, 2021, at 2 (ECF No. 34). As such the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant attorney and expert fees to be paid.

### A.     Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by the Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special

masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**David J. Carney – Attorney**
    2019: $325.00
    2020: $350.00
    2021: $375.00
    2022: $400.00
    2023: $425.00
    2024: $450.00
    2025: $475.00

**Adam M. Green – Attorney**
    2020-2021: $400.00

**Law Clerk**
    2023: $165.00

**Paralegals**
    2019-2022: $145.00
    2023-2024: $175.00

The undersigned finds these rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Grant v. Sec'y of Health & Hum. Servs., No. 20-1262V, 2024 WL 3176349, at *2 (Fed. Cl. Spec. Mstr. May 28, 2024) (awarding the requested rates from 2019-2024); LaBine v. Sec'y of Health & Hum. Servs., No. 17-1443V, 2025 WL 2093352, at *3 (Fed. Cl. Spec. Mstr. June 30, 2025) (awarding the requested rates from 2020-2024); Belker-Frechette v. Sec'y of Health and Hum. Servs., No. 21-2043V, 2025 WL 1794358, at *2 (Fed. Cl. Spec. Mstr. May 20, 2025) (awarding Mr. Carney's 2025 rate). The undersigned will therefore award the above rates in full.

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, the undersigned finds reductions necessary.

First, there is time billed for non-compensable administrative tasks (e.g., filing and preparing documents).[5] It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Filing exhibits are also considered administrative tasks. See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

Here, most of the administrative, non-compensable tasks were billed by Mr. Carney at his attorney rate. And these entries constitute block billing, containing both compensable and non-compensable tasks. For example, on September 20, 2021, Mr. Carney billed 4.3 hours, for a total of $1,612.50, for "prepared Akbari CV, Expert Report and literature as Exhibits 24-26; Drafted NOF for expert report, CV and 55 pieces of Literature." Mr. Carney also billed 3.7 hours, for a total of $1,480.00, for "prepared Akbari Supp Expert Report and literature as Exhibits 27-28 (27 med lit articles); highlighted relevant passages per Court order; Drafted NOF." It is impossible to determine how much time was expended to each individual task in these entries. Thus, the undersigned is unable to discern the time spent on compensable versus non-compensable tasks.

These issues have previously been raised with Mr. Carney. See, e.g., LaBine, 2025 WL 2093352, at *4 (reducing fees by 10% for billing for non-compensable administrative tasks (e.g., filing documents, calendaring dates, and downloading and saving documents)); Franklin v. Sec'y of Health & Hum. Servs., No. 20-33V, 2024 WL 4604591, at *8 (Fed. Cl. Spec. Mstr. Oct. 3, 2024) (same).

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case

---

[5] See, e.g., Pet. Mot., Exhibit ("Ex.") A (billing entries for "Filed Petition, Exhibit list and Cover Sheet with the Court electronically," "prepared and bates stamped exhibits 1-8; drafted NOF and filed exhibits," "prepared Akbari CV, Expert Report and literature as Exhibits 24-26; Drafted NOF for expert report, CV and 55 pieces of literature," and various entries for "downloading" documents and "highlighting" literature). This is not an exhaustive list.

5

file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)); see also Broekelschen, 102 Fed. Cl. at 729.

The undersigned also notes the number of hours spent on certain aspects of this case was excessive. Of note, and as Respondent noted, Mr. Carney billed 49.7 hours for a 63-page motion for ruling on the record and 34.4 hours for a 24-page reply. Again, this issue is not new to Mr. Carney. See, e.g., LaBine, 2025 WL 2093352, at *4 (reducing time spent on post-hearing briefing due to excessiveness); Valdez v. Sec'y of Health & Hum. Servs., No. 21-0394V, 2024 WL 1854875, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 29, 2024) (same); Smith v. Sec'y of Health & Hum. Servs., No. 21-0409V, 2024 WL 1912580, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 29, 2024) (same).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen, 102 Fed. Cl. at 729. Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson, 24 Cl. Ct. at 484. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Given the above-mentioned issues, the undersigned finds a reduction of 10% from the total fees request reasonable and appropriate. This results in a reduction of **$15,598.60**.[6]

### B.  Attorneys' Costs

Petitioner requests $52,972.79 for miscellaneous costs, including the filing fee, medical records, and postage, and expert fees for Dr. Omid Akbari and Dr. Joseph Jeret. Pet. Mot., Ex. B. Petitioner has provided adequate documentation supporting most of these costs; however, the undersigned finds reductions necessary.

First, Petitioner did not provide documentation for postage on July 23, 2021 ($7.40) and May 20, 2022 ($7.75). This results in a reduction of **$15.15**. Petitioner may request these costs in his final fees motion.

Petitioner requests $42,550.00[7] for 85.1 hours of work performed by immunologist Dr. Omid Akbari at a rate of $500.00 per hour. Dr. Akbari has consistently been awarded a rate of $500.00 per hour for his work in the Program. See Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (listing cases in

---

[6] $155,986.00 x 0.10 = $15,598.60.

[7] This is a different amount than what Petitioner requested ($500.00 more) because Petitioner miscalculated this total number in his fees motion and Dr. Akbari miscalculated his total hours. See Pet. Mot., Ex. B (entry dated February 16, 2022 and invoice dated July 23, 2022).

which Dr. Akbari has been awarded $500.00 per hour); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (same). Moreover, the undersigned has previously compensated Dr. Akbari at a rate of $500.00 per hour. See, e.g., Williams v. Sec'y of Health & Hum. Servs., No. 19-1269V, 2024 WL 1253768, at *3-4 (Fed. Cl. Spec. Mstr. Feb. 28, 2024); Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *6 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); Wolf v. Sec'y of Health & Hum. Servs., No. 17-308V, 2022 WL 10075190, at *3 (Fed. Cl. Spec. Mstr. Sept. 28, 2022); M.M. v. Sec'y of Health & Hum. Servs., No. 18-583V, 2022 WL 2070714, at *3 (Fed. Cl. Spec. Mstr. June 9, 2022); Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *3 (Fed. Cl. Spec. Mstr. June 15, 2020). As such, the undersigned will award Dr. Akbari his requested rate of $500.00 per hour.

Dr. Akbari spent 85.1 hours reviewing medical records, medical literature, and preparing two expert reports. Respondent noted that this is "over six times as many hours as [P]etitioner's other expert[] and [] as many hours as [P]etitioner's counsel for final briefing." Resp. Response at 6. Other special masters have found Dr. Akbari's billing practices to be excessive or vague and accordingly reduced his billing by 20%. See, e.g., Nieves v. Sec'y of Health & Hum. Servs., No. 18-1602V, 2023 WL 7131801, at *5 (Fed. Cl. Spec. Mstr. Oct. 2, 2023); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (finding Dr. Akbari's billing to be "well in excess of the time spent by other experts in cases of comparable complexity").

The undersigned finds a reduction of 10% of Dr. Akbari's bill reasonable and necessary due to the excessiveness of his billed hours. This results in a reduction of **$4,255.00**.[8] Accordingly, the amount to be awarded for Dr. Akbari is $38,295.00.

Petitioner also requests $7,000.00 for work performed by neurologist Dr. Jeret at a rate of $500.00 per hour. This rate has previously been found reasonable. See Williams, 2024 WL 1253768, at *5; Nieves, 2023 WL 7131801, at *4; Bryce v. Sec'y of Health & Hum. Servs., No. 17-1832V, 2023 WL 5666165, at *7 (Fed. Cl. Spec. Mstr. July 18, 2023); Bristow, 2022 WL 17821111, at *6 (reducing Dr. Jeret's requested hourly rate from $550.00 per hour to $500.00 per hour). The undersigned finds the requested rate of $500.00 and the amount of time spent to be reasonable and will award this cost in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $155,986.00 |
| Reduction of Attorneys' Fees: | - ($15,598.60) |
| Awarded Attorneys' Fees: | $140,387.40 |

---

[8] $42,550.00 x. 0.1 = $4,255.00.

| | |
|---|---:|
| Requested Attorneys' Costs: | $52,972.79 |
| Reduction of Attorneys' Costs: | - ($4,270.15) |
| Awarded Attorneys' Costs: | $48,702.64 |
| **Total Attorneys' Fees and Costs:** | **$189,090.04** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $189,090.04, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.